UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY WALKER | CIVIL ACTION |
| VERSUS | NO. 10-4586 |
| N. BURL CAIN, WARDEN | SECTION "A"(4) |

**REPORT AND RECOMMENDATION**

The petitioner, Tracy Walker, has filed a second "Motion for Relief from the Judgment" (Rec. Doc. No. 46) pursuant to Fed. Civ. Rule 60(b)(6) in which he seeks relief from this Court's October 28, 2011, Judgment denying his federal petition for habeas corpus relief under 28 U.S.C. § 2254. The motion has been referred to the undersigned Magistrate Judge for preliminary review and, if necessary, for conducting a hearing, including an evidentiary hearing if necessary, and submission of proposed Findings and Recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1] Finding no merit in the motion and no basis for an evidentiary hearing, the Court recommends that the motion be **DENIED**.

I.  **Factual and Procedural Background**

The petitioner, Tracy Walker ("Walker"), is a convicted inmate incarcerated in the Louisiana State Penitentiary at Angola, Louisiana.[2] On April 12, 2001, Walker was convicted by a jury in Tangipahoa Parish of the second degree murder of his estranged wife, Alice Walker.[3] Walker is currently serving a sentence of life in prison without benefit of parole, probation, or suspension of sentence.

---

[1] Rec. Doc. No. 47.

[2] Rec. Doc. No. 5.

[3] For a complete recitation of the state court history, see the Court's prior Report and Recommendation, Rec. Doc. No. 19.

In his underlying federal petition, Walker asserted the following grounds for relief, all of which had been raised in the state courts and procedurally barred from review for seeking untimely relief under La. Code Crim. P. art. 930.8:[4]

(1)  the Trial Court erred in failing to have the bench conferences recorded during voir dire and trial which denied him the right to a meaningful appeal and in denying the defense challenge's for cause for jurors Smith, Piroux, Spangler, Conlin, Cockerham, and Garafalo;

(2)  counsel was ineffective where he failed to:
   (a)  (1) object to the testimony about prior bad acts without proper notice, and
        (2) object to the testimony about other wrongs elicited from S.W. by the prosecutor,
   (b)  request a mistrial when the prosecutor made indirect reference to Walker's failure to testify,
   (c)  have the bench conferences recorded during voir dire,
   (d)  investigate and obtain the report where the pistol was reported stolen,
   (e)  request that the weapon be tested for fingerprints,
   (f)  request that the suspected marijuana and crack pipe found on the victim be tested,
   (g)  subpoena the victim's cell phone records,
   (h)  hire an investigator, and
   (i)  introduce the divorce records; and

(3)  he was denied a fair trial where the prosecutor engaged in misconduct by (a) failing to preserve fingerprint evidence and (b) lying to the jury about his divorce proceedings.

In the last reasoned opinion by a state court,[5] the Louisiana First Circuit Court of Appeal denied the application on September 14, 2009, for seeking untimely post-conviction relief under La. Code Crim. P. art. 930.8. In accordance with the deferential standards of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and relevant federal law, the undersigned Magistrate Judge issued a Report and Recommendation recommending dismissal of Walker's

---

[4]Rec. Doc. No. 2.

[5]*See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

federal petition because all of the claims raised were procedurally barred from this Court's review following the procedural default recognized by the state courts.[6]

In his objections thereto, Walker in part argued that the Magistrate Judge erred, and procedural bar should not be applied to prevent review of his claims, because his post-conviction review was not untimely under La. Code Crim. P. art. 930.8 and the bar was erroneously applied by the state courts.[7] Overruling this and the remainder of his objections, the District Judge adopted the report and dismissed Walker's federal habeas petition on October 27, 2011.[8]

Walker urged the same arguments asserted in his objections, including the inapplicability of La. Code Crim. P. art. 930.8 and the error by the state courts (and this Court), to the United States Fifth Circuit Court of Appeal.[9] On May 31, 2012, after considering his arguments, the Fifth Circuit denied issuance of a certificate of appealability finding that Walker failed to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," citing *Slack v. McDaniel*, 529 U.S. 473 (2000).[10]

Two years later, on May 27, 2014, this Court received Walker's first Motion for Relief from Judgment in which he again argued that the Court erred in accepting the procedural default under La. Code Crim. P. art. 930.8 where it was erroneously and fraudulently applied by the state courts.[11] The District Judge denied the motion on June 12, 2014, finding no support for the assertion that the

---

[6]Rec. Doc. No. 19.

[7]Rec. Doc. No. 20.

[8]Rec. Doc. Nos. 22, 23.

[9]Appeal No. 11-31099, Rec. Nos. 17, 18 (5th Cir.).

[10]Rec. Doc. No. 29.

[11]Rec. Doc. No. 31.

state court judges fraudulently applied the time limits for obtaining post-conviction relief.[12] On review of that ruling, the United States Fifth Circuit denied issuance of a certificate of appealability on January 5, 2015, finding that Walker failed to show that reasonable jurists would debate whether the District Court abused its discretion in denying the Rule 60(b) motion.[13] The circuit court also denied Walker's Motion for Reconsideration.[14]

Walker has now returned to this Court with his second Motion for Relief from the Judgment pursuant to Fed. R. Civ. P. 60(b)(6) in which he again asserts that the state courts and this Court should not have imposed a procedural bar to review of his claims based on La. Code Crim. P. art. 930.8 and he is entitled to review of his claims based on the recent United States Supreme Court ruling in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013).

Because Walker is challenging a judgment which dismissed his federal habeas petition on procedural grounds, this Court has jurisdiction to consider the motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also*, *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012).

**II.     Standard of Review under Fed. R. Civ. P. 60**

Fed. R. Civ. P. 60(b) provides for the relief from an otherwise final judgment when certain conditions are met. In this motion, Walker specifically invokes the provision of Rule 60(b)(6) which provides for relief from a judgment when there exists a "reason that justifies relief."

---

[12]Rec. Doc. No. 34.

[13]Rec. Doc. No. 45; see also, Appeal No. 14-30802, Rec. No. 30 (5th Cir.).

[14]Appeal No. 14-30802, Rec. No. 36 (5th Cir.).

A motion brought under Rule 60(b)(6) "must be made 'within a reasonable time,' unless good cause can be shown for the delay." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287-88 (5th Cir. 1985)). The determination of what constitutes a reasonable time is directed to the broad discretion of the district court. *Buck v. Thaler*, 452 F. App'x 423, 429 (5th Cir. 2011) (citing *Lindy Invs. III v. Shakertown 1992 Inc.*, 360 F. App'x 510, 512 (5th Cir. 2010)). In making that determination, "[a] reasonable time for filing such a motion is defined by the particular facts and circumstances of each case." *Associated Marine Equip., LLC v. Jones*, 407 F. App'x 815, 816 (5th Cir. 2011) (citing *First RepublicBank v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)).

The disposition of a Rule 60(b) motion also is committed to the sound discretion of the trial court. *Buck*, 452 F. App'x at 429 (citing *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010)); *El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 F. App'x 31, 33 (5th Cir. 2009). The same "limitations" contained in Rule 60(b) concerning its use and application in all other civil cases equally apply in habeas corpus cases. *Gonzalez*, 545 U.S. at 535.

The Fifth Circuit has recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. *Diaz v. Stephens*, 731 F.3d 370, 377 (5th Cir. 2013), *cert. denied*, __ U.S. __, 134 S. Ct. 48 (2013); *Edward H. Bohlin Co. v. The Banning Co.*,

6 F.3d 350, 356 (5th Cir. 1993). To that end, Rule 60(b) "'must be equitably and liberally applied to achieve substantial justice.'" *McKenzie v. Principi*, 83 F. App'x 642, 644 (5th Cir. 2002) (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)); *accord Lowry Dev., LLC v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012).

In the context of habeas corpus proceedings, however, the Supreme Court requires "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The Court has determined that "[t]his very strict interpretation of Rule 60(b) is essential if finality of judgments is to be preserved" and "[s]uch circumstances will rarely occur in the habeas context." *Id.* (internal quotation and citation omitted) (emphasis added).

### III.   Analysis

Walker presents the Court with his second motion for relief from this Court's judgment, issued almost three and one-half years ago and made final by the United States Fifth Circuit's denial of a certificate of appealability three years ago. The record does not justify a finding that this repetitive motion, in which he asserts the same arguments made several times over the past four years, is brought within a reasonable time. As for his reliance on the Supreme Court's decisions in *Martinez*, issued March 20, 2012, and *Trevino*, issued May 28, 2013, Walker has inexplicably brought his motion three years after the *Martinez* decision was issued and almost two years after the *Trevino* decision was issued. He fails to explain any reason for his delay. The Court should find that the motion has not been brought within a reasonable time under Rule 60.

Even if his delay is overlooked, for the following reasons, Walker's repetitive motion does not warrant relief. As an initial matter, it is without question that "the change in decisional law

brought about by *Martinez* and *Trevino* does not constitute an extraordinary circumstance that would justify reopening the judgment under Rule 60(b)(6)." *Pruett v. Stephens*, No. 15–70006, 2015 WL 1607693, at *3 (5th Cir. Apr. 10, 2015) (citing *Diaz*, 731 F.3d at 376 and *Adams*, 679 F.3d at 320). As stated above, the presentation of an "extraordinary circumstance" is a mandated prerequisite for obtaining Rule 60(b) relief from a judgment in a habeas corpus proceeding. Neither ruling invites this Court to reopen the case or reconsider any portion of Walker's procedurally defaulted claims, including those addressing the alleged ineffective assistance of trial counsel.

The Court is also reminded that Walker was represented by counsel on direct appeal and on post-conviction review in the state courts when the underlying ineffective assistance of trial counsel claims were raised and considered. Walker has not asserted any cognizable basis to question the effective assistance of counsel he received in either proceeding. His suggestion that post-conviction counsel must have been ineffective because the state courts erroneously applied a procedural bar to review of the claims is itself inadequate to state a claim of deficient or prejudicial performance. *See e.g.*, *Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004) ("Again, an unsuccessful strategy does not necessarily indicate constitutionally deficient counsel."); *see also*, *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (". . . it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.").

In addition, according to the record before the Court, Walker has never exhausted state court remedies as to such a claim of ineffective assistance of counsel on appeal or on post-conviction review (should one exist) and could not rely on it to stand as an excuse to a procedural bar. *Edwards*

*v. Carpenter*, 529 U.S. 446, 451-53 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Furthermore, Walker has not offered any other new argument or consideration to challenge the imposition of the procedural bar to his claims.  He has simply repackaged and reasserted the same arguments regarding the inapplicability of La. Code Crim. P. art. 930.8 and the alleged error by the state courts (and this Court) in relying thereon to deny him review of the merits of his claims. As outlined above, this Court and the United States Fifth Circuit each twice have rejected these same arguments and legal theories when raised in Walker's objections, in his original appeal to the Fifth Circuit, in his first Rule 60 motion for relief from judgment, and in his appeal from the denial of that motion.  Each time, the reviewing court rejected his arguments as a basis for relief from the procedural bar.  Walker has not presented any extraordinary circumstance, intervening equitable factor, or any just reason for the Court to reopen its judgment and/or to reconsider his repetitive arguments to do so.

For the reasons discussed, Walker's Motion for Relief from the Judgment is not presented to the Court in a reasonable time to warrant consideration under Fed. R. Civ. P. 60(b).  In addition, he has failed to present a basis for the granting of such relief where the rulings in *Martinez* and *Trevino* do not provide an extraordinary circumstance to justify the reopening of this Court's judgment, and his arguments in support of the motion are otherwise repetitive of matters already resolved by the Court and fail to provide a basis for reconsideration thereof.

## IV.     Recommendation

Therefore, it is **RECOMMENDED** that Walker's **Motion for Relief from the Judgment (Rec. Doc. No. 46)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[15]

New Orleans, Louisiana, this 29th day of May, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[15]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.